**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Peter J. MARTINO and Warren Luke Martino, a/k/a "Wimpy" Martino, Defendants-Appellants.**

**No. 71–2371**

**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

April 27, 1972.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

[redacted]

[redacted]

Edward G. Tremmel, Jules A. Schwan, Albert Sidney Johnston, Jr., Biloxi, Miss., for defendants-appellants.

Robert E. Hauberg, U. S. Atty., Jackson, Miss., Michael Carnes, Dept. of Justice, New Orleans, La., Sidney M. Glazer, Fred M. Acuff, Jr., Attys., U. S. Dept. of Justice, Washington, D. C., for plaintiff-appellee.

Before WISDOM, GODBOLD and RONEY, Circuit Judges.

PER CURIAM:

[redacted] We have considered the appellants' contentions 1) that the district court erred in refusing their lawyer's request to leave the courtroom to confer with the appellants after the voir dire examination of the jurors; 2) that the court improperly restricted the scope of the appellants' voir dire examination of prospective jurors; 3) that the court erred in admitting certain items of evidence allegedly prejudicial to appellants; 4) that the court committed reversible error in referring to "statutes" (in the plural) allegedly violated by the appellants, and in condoning similar reference by the Government, though in fact the appellants were charged with violating only a single provision of Mississippi law; 5) that the evidence was insufficient to sustain a verdict of conviction and the denial of a motion for acquittal; 6) that the court erred in permitting FBI agent Files to testify as to an allegedly inculpatory statement made by Peter J. Martino shortly after his arrest in the presence of counsel and after he had been advised of his rights; 7) that the district court made prejudicial [redacted] remarks concerning the appellants in the presence of the jury; 8) that the court erred in overruling the appellants' motion to dismiss the indictment because it charged the appellants with bookmaking, allegedly not a violation of Mississippi law; 9) that the court erred in denying the appellants' motion for a bill of particulars; 10) that the court erroneously failed to instruct the jury as to the elements of the Mississippi law which the appellants were charged with violating. None of these contentions has sufficient merit to warrant further discussion.

Affirmed.

ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

PER CURIAM:

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.